**Luther Almager HERNANDEZ, Appellant,**

**v.**

**The STATE of Texas, Appellee.**

**No. 38817.**

Court of Criminal Appeals of Texas.

Dec. 15, 1965.

No attorney of record on appeal for appellant.

George H. Hansard, Lamesa, and Leon B. Douglas, State's Atty., Austin, for the State.

McDONALD, Presiding Judge.

The offense is murder; the punishment, 99 years confinement in the Texas Department of Corrections.

The statement of facts in narrative form reflects that appellant left Seminole, in Gaines County, Texas, on December 12, 1964, for Hobbs, New Mexico. He had asked two boys, Freddy Olguin and Sammy Almager to accompany him, which they did, in appellant's pick-up truck. The three went to Hobbs, New Mexico, appellant driving the truck. While in Hobbs appellant saw Pete Garza and Frank Robledo in an automobile. These two men had also traveled from Seminole, Texas, to Hobbs, New Mexico, on that day to get some beer. Appellant was mad at Pete Garza and wanted to kill him because Pete had cut appellant's brother some time before this date. Appellant starting chasing Pete Garza and Frank Robledo, but lost them in the traffic in Hobbs, New Mexico.

Thereafter, on the same day, appellant and his two companions were stopped at a tavern on U. S. Highway 180, which runs between Seminole, Texas, and Hobbs, New Mexico, when appellant saw Pete Garza and Frank Robledo pass the tavern in an automobile traveling on U. S. Highway 180 in an easterly direction, returning from Hobbs, New Mexico, to Seminole, Texas. Appellant immediately told his two companions to get in his pick-up, which they did, and appellant got in also and drove after Robledo and Garza. Appellant told his two companions he was going to get Pete Garza for cutting his brother. Frank Robledo was driving the automobile in which he and Pete Garza were traveling down the highway. Garza was seated beside him on the right hand side of the front seat. Appellant was driving his pick-up truck. Sammy Almager was seated beside him in the middle of the seat and Freddy Olguin was seated on the right hand side next to the door. The two companions did not know that the appellant intended to kill Garza. They thought he was trying to scare both Garza and them. Appellant ran his pick-up truck into the rear of the automobile occupied by Frank Robledo and Pete Garza and tried to force the automobile off the road. This occurred a number of times while the two vehicles were traveling at a high rate of speed over a period of some nine or ten miles on U. S. Highway 180, in Gaines County, Texas. The appellant asked Sammy Almager to hold the steering wheel and appellant reached under the seat and pulled out a rifle into which he began to put some bullets. Then appellant took back over at the steering wheel and ran up on the left side of the automobile being driven by the deceased, Frank Robledo, and caused his pickup to ram into the side of the automobile in an attempt to force the automobile off the highway. The automobile did not stop and finally appellant pulled up on the right hand side of it and fired three or four shots from his rifle into the automobile. Three bullets struck the automobile one of which penetrated into the automobile and struck the deceased, Frank Robledo, in the back of the head. The deceased slumped over the steering wheel and the automobile veered across U. S. Highway 180 and into the bar ditch on the left hand side of the highway. Appellant did not stop, but kept driving his pickup on into Seminole, Texas, a distance of some eight or nine miles. The bullet which struck the deceased in the back of the head caused his death.

The appellant admitted wanting to kill Pete Garza and shooting to kill him at the time of the shooting on the highway.

We find the evidence sufficient to sustain the jury's verdict.

There are no formal bills of exception, and, of course, the statement of facts in narrative form does not reflect any infor-

mal bills. Appellant has not favored us with a brief. We have carefully reviewed the Motion for Continuance and the Motion for New Trial filed by appellant. No evidence was adduced in support of either motion. We find no error in the action of the trial court in overruling them.

The judgment is affirmed.